# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No. 09-49694 |
| ) | |
| Cavagnetto, Dawn ) | Honorable Donald R. Cassling |
| Debtor ) | Bankruptcy Judge |
| ) | |

## OBJECTION TO TRUSTEE'S FINAL REPORT AND APPLICATION FOR COMPENSATION

Now comes Stan Cavagnetto, a creditor in this case, and objects to the Trustee's Final Report and her Application for Compensation, and respectfully requests that both of these items be denied due to errors and inaccuracies. In support of his objection and request to deny, Stan Cavagnetto respectfully states the following:

1.) On 6/11/2012 Trustee Helms filed a Trustees Final Report (TPR) which is attached as **Exhibit A** (9 pages).

2.) On 6/11/2012 Trustee Helms also filed her Trustee's Application for Compensation requesting the maximum commission of $4,551.19 and stating the tasks she performed, which is attached as **Exhibit B** (3 pages)

3.) Within the Tasks Performed section of her Application for Compensation, Trustee Helms states she spent 3 hours completing the final report. The final report reflects claim #8 Law Offices Thomas J. Mullen $8,314.00 is allowed and will be paid $2,399.26. This is an obvious error that should not have been missed if 3 hours were spent on the final report.

4.) On 6/22/2011 Law Office of Thomas J. Mullen withdrew Claim #8, proof of such is attached as **Exhibit C** (1 page). Claim #8 should not be paid as it was withdrawn. Trustee's Final Report is incorrect and it should be rejected.

5.) Within her final report it is unclear if Trustee has paid or will pay bank fees in the amount of $330.60. Bank fees should not be an expense of the estate as Trustee Helms should have deposited the estate funds into an account that does not charge those types of fees. Trustee Helms should have had the fees reversed or be held accountable for this expense. Trustee Helms should not be allowed to collect her commission on funds that are paid for bank fees.

6.) Claim #9 Broida and Associates for $4,983 is in conflict with the claim I filed (Stan Cavagnetto), #5. If Trustee Helms reviewed the Broida and Associates claim she would have discovered such. Invoices submitted by Broida and Associates attached to their claim fail to account for all the fees I paid to Broida and Associates on behalf of the debtor. Broida and Associates claim is overstated and should be reduced to reflect what they have already been paid. Allowing the Broida Claim without the accounting for the amounts I have paid them allows them to be overpaid. Trustee's final report is inaccurate as far as claim #9 Broida and Associates and it should be rejected.

7.) Within the trustee's tasks performed section of the application for compensation – it refers to the fact that she spent 4 hours on the Nationwide Case and that she appeared in state court. This Bankruptcy Court should be aware that Trustee Helms never once appeared in the State Court matter of Cavagnetto vs. Nationwide as she states in her report. Attached as **Exhibit D** (2 pages) State Court orders on days the case was up for status state:

*4/7/2010 "This cause coming to be heard on status, due notice having been given, the Court being fully advised- the premises, and the case being called two times by 10:15am and neither the Plaintiff, nor the Trustee appearing in Court, it is hereby ordered:...."*

*2/17/2010 "This matter coming before this Court for status, the Plaintiff having previously field for Chapter 7 bankruptcy on 12/31/2009, due notice given and the court advised IT IS HEREBY Ordered: 1) That this matter is scheduled for status on 4/7/2010 at 9:45 am in Room 240, bankruptcy trustee Brenda Helmes to appear; Plaintiff Dawn Cavagnetto is excused from attending."*

Trustee Helms should not be allowed to collect maximum compensation. Given the fact that she stated that she appeared in the State Court matter when she did not, her report and application for compensation should be questioned.

8.) It does not appear from Trustee Helms report and application for compensation that she spent any time reviewing or investigating Claim #6 that of Fred and Clare Barton for $73,454.27. This claim is perhaps the most egregious entry in her entire report. Claim #6 should not be paid as to do so, would be paying a claim that was previously paid in full and would drastically cheat the other creditors out of funds that are rightfully due to them. The Trustee's final report is extremely inaccurate as to Claim #6 of Fred and Clare Barton and it should be rejected.

Wherefore, creditor Stan Cavagnetto, prays that this honorable court deny Trustee's Final Report and Application for Compensation and for such further relief as the Court deems just and proper.

Respectfully submitted,

*Stan Cavagnetto*
Stan Cavagnetto

Stan Cavagnetto
3 Roberts St.
North Aurora, IL  60542
630-247-6673

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

Exhibit A

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CAVAGNETTO, DAWN | § | Case No. 09-49694 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 12/31/2009 . The undersigned trustee was appointed on 12/31/2009 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 38,011.87 |

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 78.92 |
| Bank service fees | 330.60 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]　　　　$ | 37,602.35 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 03/14/2011 and the deadline for filing governmental claims was 03/14/2011. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 4,551.19. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 4,551.19, for a total compensation of $ 4,551.19 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00, and now requests reimbursement for expenses of $ 0.00, for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/25/2012                By:/s/BRENDA PORTER HELMS, TRUSTEE
                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) (Page: 2)

Case 09-49694    Doc 64    Filed 06/11/12    Entered 06/11/12 13:11:53    Desc Main
Document      Page 3 of 9

Page: 1
Exhibit A

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No.: 09-49694    SQU    Judge: JOHN SQUIRES
Case Name: CAVAGNETTO, DAWN
For Period Ending: 05/25/12

Trustee Name: BRENDA PORTER HELMS, TRUSTEE
Date Filed (f) or Converted (c): 12/31/09 (f)
341(a) Meeting Date: 02/09/10
Claims Bar Date: 03/14/11

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. DEBTOR'S PRIMARY RESIDENCE LOCATED IN AURORA, IL [ | 178,000.00 | 0.00 | DA | 0.00 | FA |
| 2. CHECKING ACCOUNT WITH - FIFTH THIRD BANK | 100.00 | 100.00 | DA | 0.00 | FA |
| 3. CHECKING ACCOUNT WITH - US BANK | 100.00 | 100.00 | DA | 0.00 | FA |
| 4. HOUSEHOLD GOODS; TV, VCR, STEREO, SOFA, VACUUM, TA | 2,000.00 | 2,000.00 | DA | 0.00 | FA |
| 5. BOOKS, COMPACT DISCS, TAPES/RECORDS, FAMILY PICTUR | 100.00 | 100.00 | DA | 0.00 | FA |
| 6. NECESSARY WEARING APPAREL. | 50.00 | 50.00 | DA | 0.00 | FA |
| 7. EARRINGS, WATCH, COSTUME JEWELRY | 150.00 | 150.00 | DA | 0.00 | FA |
| 8. TERM LIFE INSURANCE - NO CASH SURRENDER VALUE. BEN | 0.00 | 0.00 | DA | 0.00 | FA |
| 9. TERM LIFE INSURANCE - NO CASH SURRENDER VALUE. BEN | 0.00 | 0.00 | DA | 0.00 | FA |
| 10. 401K - 100% EXEMPT. | 0.00 | 0.00 | DA | 0.00 | FA |
| 11. 401K - 100% EXEMPT. | 0.00 | 0.00 | DA | 0.00 | FA |
| 12. 401K - 100% EXEMPT. | 0.00 | 0.00 | DA | 0.00 | FA |
| 13. EX-HUSBAND OWES BACK CHILD SUPPORT. | 8,000.00 | 8,000.00 | DA | 0.00 | FA |
| 14. settlement proceeds (u) | 400,000.00 | 0.00 | | 38,000.00 | FA |
| 15. Post-Petition Interest Deposits (u) | Unknown | N/A | | 11.87 | Unknown |

TOTALS (Excluding Unknown Values)    $588,500.00    $10,500.00        $38,011.87    $0.00
                                                                    Gross Value of Remaining Assets
                                                                    (Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Adversary proceeding is pending

Initial Projected Date of Final Report (TFR): 12/30/11    Current Projected Date of Final Report (TFR): 12/31/12

LFORM1    UST Form 101-7-TFR (5/1/2011) (Page: 3)    Ver: 16.06b

Case 09-49694    Doc 64    Filed 06/11/12    Entered 06/11/12 13:11:53    Desc Main
            Document       Page 4 of 9

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Page: 2
Exhibit A

| | |
|---|---|
| Case No.: 09-49694  SQU  Judge: JOHN SQUIRES | Trustee Name: BRENDA PORTER HELMS, TRUSTEE |
| Case Name: CAVAGNETTO, DAWN | Date Filed (f) or Converted (c): 12/31/09 (f) |
| | 341(a) Meeting Date: 02/09/10 |
| | Claims Bar Date: 03/14/11 |

/s/ BRENDA PORTER HELMS, TRUSTEE    Date: 05/25/12

BRENDA PORTER HELMS, TRUSTEE

Case 09-49694  Doc 64  Filed 06/11/12  Entered 06/11/12 13:11:53  Desc Main
Document  Page 5 of 9

Page: 1
Exhibit B

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No.: | 09-49694 -SQU | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
| Case Name: | CAVAGNETTO, DAWN | Bank Name: | BANK OF AMERICA, N.A. |
| Taxpayer ID No: | *******7008 | Account Number / CD #: | *******5563 Money Market - Interest Bearing |
| For Period Ending: | 05/25/12 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 06/14/10 | 14 | Nationwide Insurance P.O. Box 182166 Columbus OH 43218 | settlement proceeds | 1149-000 | 38,000.00 | | 38,000.00 |
| 06/30/10 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.44 | | 38,000.44 |
| 07/30/10 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.97 | | 38,001.41 |
| 08/31/10 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.97 | | 38,002.38 |
| 09/30/10 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.94 | | 38,003.32 |
| 10/29/10 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.97 | | 38,004.29 |
| 11/30/10 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.94 | | 38,005.23 |
| 12/31/10 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.97 | | 38,006.20 |
| 01/31/11 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.97 | | 38,007.17 |
| 02/19/11 | 000101 | International Sureties 701 Polydras St. #420 New Orleans LA 70139 | 2011 - 2012 bond payment | 2300-000 | | 28.91 | 37,978.26 |
| 02/28/11 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.29 | | 37,978.55 |
| 03/31/11 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.32 | | 37,978.87 |
| 04/29/11 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.31 | | 37,979.18 |
| 05/31/11 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.32 | | 37,979.50 |
| 06/30/11 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.31 | | 37,979.81 |
| 07/29/11 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.32 | | 37,980.13 |
| 08/31/11 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.32 | | 37,980.45 |
| 09/30/11 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.31 | | 37,980.76 |
| 10/31/11 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.32 | | 37,981.08 |
| 10/31/11 | 15 | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 48.39 | 37,932.69 |
| 11/30/11 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.31 | | 37,933.00 |
| 11/30/11 | 15 | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 46.77 | 37,886.23 |
| 12/30/11 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.32 | | 37,886.55 |
| 12/30/11 | 15 | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 46.71 | 37,839.84 |
| | | | | Page Subtotals | 38,010.62 | 170.78 | |

UST Form 101-7-TFR (5/1/2011) (Page: 5)

LFORM24

Ver: 16.06b

Case 09-49694 Doc 64 Filed 06/11/12 Entered 06/11/12 13:11:53 Desc Main Document Page 6 of 9

Page: 2
Exhibit B

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No: | 09-49694 -SQU | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
| Case Name: | CAVAGNETTO, DAWN | Bank Name: | BANK OF AMERICA, N.A. |
| Taxpayer ID No: | *******7008 | Account Number / CD #: | ******5563 Money Market - Interest Bearing |
| For Period Ending: | 05/25/12 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 01/31/12 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.32 | | 37,840.16 |
| 01/31/12 | 15 | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 49.63 | 37,790.53 |
| 02/29/12 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.30 | | 37,790.83 |
| 02/29/12 | 000102 | International Sureties Ltd. | Trustee bond | 2300-000 | | 50.01 | 37,740.82 |
| 02/29/12 | 15 | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 44.91 | 37,695.91 |
| 03/30/12 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.32 | | 37,696.23 |
| 03/30/12 | 15 | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 46.36 | 37,649.87 |
| 04/30/12 | 15 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.31 | | 37,650.18 |
| 04/30/12 | 15 | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 47.83 | 37,602.35 |

| | | | | |
|---|---|---|---|---|
| COLUMN TOTALS | | 38,011.87 | 409.52 | |
| Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| Subtotal | | 38,011.87 | 409.52 | |
| Less: Payments to Debtors | | | 0.00 | |
| Net | | 38,011.87 | 409.52 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS Money Market - Interest Bearing - ******5563 | 38,011.87 | 409.52 | 37,602.35 |
| | 38,011.87 | 409.52 | 37,602.35 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Trustee's Signature: /s/ BRENDA PORTER HELMS, TRUSTEE Date: 05/25/12
BRENDA PORTER HELMS, TRUSTEE

Page Subtotals     1.25     238.74

LFORM24   UST Form 101-7-TFR (5/1/2011) (Page: 6)     Ver. 16.06b

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-49694
Case Name: CAVAGNETTO, DAWN
Trustee Name: BRENDA PORTER HELMS, TRUSTEE

| Balance on hand | $ | 37,602.35 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BRENDA PORTER HELMS, TRUSTEE | $ 4,551.19 | $ 0.00 | $ 4,551.19 |
| Other: International Sureties | $ 78.92 | $ 78.92 | $ 0.00 |

| Total to be paid for chapter 7 administrative expenses | $ | 4,551.19 |
| Remaining Balance | $ | 33,051.16 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 114,531.18 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 28.9 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Robin Cavagnetto | $ 2,500.00 | $ 0.00 | $ 721.44 |
| 2 | Rebecca Tidwell | $ 6,000.00 | $ 0.00 | $ 1,731.47 |
| 3 | Dorothy Cavagnetto | $ 8,500.00 | $ 0.00 | $ 2,452.91 |
| 4 | Chase Bank USA | $ 75.58 | $ 0.00 | $ 21.81 |
| 5 | Stan Cavagnetto | $ 10,180.00 | $ 0.00 | $ 2,937.72 |
| 6 | Fred and Clare Barton | $ 73,454.27 | $ 0.00 | $ 21,197.28 |
| 7 | American InforSource LP as | $ 524.23 | $ 0.00 | $ 151.28 |
| 8 | Law Offices Thomas J. Mullen | $ 8,314.10 | $ 0.00 | $ 2,399.26 |
| 9 | Boroida & Associates | $ 4,983.00 | $ 0.00 | $ 1,437.99 |

Total to be paid to timely general unsecured creditors      $ 33,051.16

Remaining Balance                                           $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

IN THE UNITED STATES BANKRUPTCY COURT  Exhibit B
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | NO. 09-49694 |
| DAWN CAVAGNETTO | ) | HONORABLE DONALD R. CASSLING |
| | ) | BANKRUPTCY JUDGE |

**TRUSTEE'S APPLICATION FOR COMPENSATION**

TO: HON. DONALD R. CASSLING, BANKRUPTCY JUDGE

NOW COMES BRENDA PORTER HELMS, Trustee herein, pursuant to 11 U.S.C. §330, and requests $4,551.19 as compensation, $0.00 of which has previously been paid.

**COMPUTATION OF COMPENSATION**

Total disbursements to parties in interest, excluding the Debtor, but including holders of secured claims are $38,011.87  Pursuant to 11 U.S.C. §326, compensation should be computed as follows:

| | | |
|---|---|---|
| 25% of the first $5,000 | $1,250.00 | ($1,250.00 max) |
| 10% of next $45,000 | $3,301.19 | ($4,500.00 max.) |
| 05% of next $950,000 | $0.00 | (47,500.00 max) |
| 03% of balance | $0.00 | |
| TOTAL COMPENSATION | $4,551.19 | |

The undersigned certifies under penalty of perjury that no agreement or understanding exists between the undersigned and any other person for sharing of compensation prohibited by the Bankruptcy Code. No payments have previously been made or promised to the undersigned in any capacity in connection with the above captioned case, except as previously authorized and approved by the Bankruptcy Court.

Executed this 25th day of May, 2012

/s/ Brenda Porter Helms
Trustee

## TASKS PERFORMED BY TRUSTEE

The Trustee reviewed the petition, schedules and statement of financial affairs that were filed in this case and conducted the first meeting of creditors (1.0 hour). The Trustee received a telephone call from an attorney representing an insurance company with whom the debtor had entered in to a pre-petition settlement agreement. The insurance company was attempting to enforce that agreement prior to the filing of the bankruptcy. The Trustee investigated the facts of the case and completed her legal research regarding enforcement of settlement agreements. The Trustee appeared in state court and received a turnover of the insurance company settlement funds. (4.0 hours). The Trustee also monitored the litigation over various claims that were filed in this case and discussed same with debtor's counsel (.8 hours).

The Trustee reviewed the claims that were filed in this case (.6 hours).

The Trustee prepared the Final Report in this case (3 hours) The Trustee anticipates that she will attend the hearing on the application for compensation (.5 hours), will close the bank account and deposit the funds into a checking account (.3 hours), will revise the Distribution Report (.5 hours) and will issue the checks (.8 hours). The Trustee will then monitor the bank account until all checks are cleared and prepare and file a Final Account (3 hours).

Total hours spent:

14.5 @$375 = $5,437.50

LAW OFFICE OF
**THOMAS J. MULLEN, P.C.**

1N141 County Farm Road – Suite 230
Winfield, Illinois 60190
Phone (630) 653-7020
Fax (630) 668-6733

VIA Online PACER

June 20, 2011

Illinois Northern Bankruptcy Court

**Notice of Withdrawal**

RE:   Dawn Cavagnetto
      Case No. 09-49694
      Claim 8 - Law Office of Thomas J. Mullen

To Whom It May Concern

    Please be advised that I am withdrawing Claim No. 8 filed on March 4, 2011, in regards to the above referenced matter. My office will provide any additional documentation needed upon your request.

Sincerely,

Thomas J. Mullen
TJM:em

*Exhibit C*

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUN 22 2011
KENNETH S. GARDNER, CLERK

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS #1

Cavagnetto

v.

Nationwide Ins. Co.

} Exhibit D

No. 04 L 014560

## ORDER

This cause coming to be heard on status, due notice having been given, the Court being fully advised = the premises, and the case being called two times by 10:15 am and neither the Plaintiff, nor the Trustee appearing in Court, it is hereby

ORDERED:
(1) ~~Defendant's~~ Motion to Enforce Settlement is scheduled for hearing on June 1, 2010 at 10:45 am in Room 2401 of the Daley Center.
(2) A full set of courtesy copies has been tendered.

Atty. No.: 21392

Name: Condon + Cook /gmc

Atty. for: Δ

Address: 745 N. Dearborn St

City/State/Zip: Chicago, IL 60654

Telephone: (312) 266-1313

ENTERED:

JUDGE BARBARA A. McDONALD

Dated: APR - 7 2010

Circuit Court - 1693

1693

Judge                   Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| Order | (Rev. 9/13/04) CCG 0002 |
|---|---|

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPT, LAW DIVISION

DAWN CAVAGNETTO

v.   No. 04 L 014560

NATIONWIDE MUTUAL FIRE INS. CO.

### ORDER

This matter coming before this Court for status, the Pltff having previously filed for Chapter 7 Bankruptcy on 12-31-09, due notice given and the Court advised;

IT IS HEREBY ORDERED:

1) That this matter is scheduled for status on 4/7/2010 at 9:45 a.m. in Room 2401, bankruptcy trustee Brenda Hellus to appear; Plntff Dawn Cavagnetto is excused from attending.

Atty. No.: 21392
Name: Ogden & Cook LLC
Atty. for: Deft. Nationwide
Address: 745 N Dearborn St
City/State/Zip: Chgo, IL 60654
Telephone: 312/266-1313

JUDGE BARBARA A. McDONALD

ENTERED: FEB 17 2010
Circuit Court - 1693

Judge   Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**