IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | NO. 09-49694 |
| DAWN CAVAGNETTO | ) | |
| | ) | HON. DONALD CASSLING |
| | ) | BANKRUPTCY JUDGE |

### NOTICE OF FILING

TO:  Parties listed on the attached Service List

   PLEASE TAKE NOTICE that on August 10, 2012, the undersigned filed Trustee's Response to Objection to Final Report with the Clerk, United States Bankruptcy Court 219 S. Dearborn Street, Chicago Illinois, a copy of which is attached hereto and hereby served upon you.


_/s/ Brenda Porter Helms

### CERTIFICATE OF SERVICE

   The undersigned certifies that pursuant to Section H, B, 4 of the Administrative Procedures for the Case Management/Electronic Case filing System, service of the above-mentioned Motion on all parties identified as Registrants on the appended service list was accomplished through the Court's Electronic Notice for Registrants and, as to all other parties on the attached Service List, he/she was served a copy as set forth therein, this 10th day of August, 2012, at 3400 W. Lawrence Avenue, Chicago Illinois.


__/s/ Brenda Porter Helms ____

Brenda Porter Helms
#6184302
3400 W. Lawrence Avenue
Chicago IL 60625
(773) 463-6427

## SERVICE LIST

Service via Court's electronic notification system

Office of U.S. Trustee
USTPRegion11.ES.ECF@usdoj.gov

Jonathan Parker

Via first class mail, postage prepaid

Stan Cavagnetto
3 Roberts St
North Aurora IL 60542

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| DAWN CAVAGNETTO | ) NO. 09-49694 <br> ) HON. DONALD CASSLING <br> ) BANKRUPTCY JUDGE <br> ) |

**<u>TRUSTEE'S RESPONSE TO OBJECTION TO FINAL REPORT</u>**

NOW COMES the Trustee herein, Brenda Porter Helms, and states the following in support of her Trustee's Response to Objection to Final Report:

1. A voluntary petition for relief under chapter 7, Title 11 United States Code was filed by the debtor on December 31, 2009. Brenda Porter Helms was appointed Trustee and is duly acting as said Trustee.

2. Stan Cavagnetto ("Objector"), the ex-husband of the debtor, filed an Objection to the Trustee's Final Report.

3. Objector objects to payment of Claim #8 which was withdrawn and Trustee will file an amended Distribution Report reflecting that fact.

4. Objector claims the Trustee should have deposited estate funds in an account that does not charge bank fees. However, the Trustee can only deposit funds into a bank that is party to a United States Trustee Program Uniform Depository Agreement for Trustee and Debtor in Possession Accounts ("UST Agreement"). Only a select number of banks are signatories to a UST Agreement. Each bank must maintain collateral in an amount no less than 115% of the bankruptcy funds it holds on deposit which exceeds the FDIC insurance limit. That collateral is secured by: 1) a surety bond; or 2) a deposit by the bank of qualified securities. Many banks are not

interested in tying up their collateral in this manner. The issue is further complicated by the fact the Trustee, in order to file "data enabled forms" as required for each case in her Trustee practice, must contract with a service provider to prepare those forms. The Trustee partners with EPIQ Systems and, until recently, EPIQ's banking relationship was with Bank of America. Trustee does not believe there are other types of accounts at Bank of America, to which she has access, that do not charge service fees. Furthermore, no bank service fees were charged until October 2011, sixteen months after the account was opened.

5. Objector objects to payment of claim #9 filed by Broida & Associates. The Trustee is entitled to rely upon the validity of all claims that are filed since they are prima facie evidence of their validity. However, the Trustee contacted Broida and Associates shortly after their claim was filed and inquired into the validity of its claim. An attorney from said firm confirmed the amount due, which is the same amount as stated on the filed claim. Since the objection was filed, Trustee has again called Broida & Associates office, which has again confirmed the amount listed on the claim is still due and owing. In addition, the debtor filed an objection to claim #9 and the objection was overruled.

6. Objector alleges the Trustee did not spend time going to one or more court hearings. The Trustee never stated she was present in state court at two hearings. The Trustee appeared in Court on one occasion but arrived late and the matter had already been called. The Clerk advised her on the status. Notably, the Trustee did not charge the estate any of her travel costs in driving and parking at the courthouse. Furthermore, to be clear, the four hours charged on collection from the insurance company was not

only for court hearings. The time included numerous discussions with the attorney for the insurance company, review of court and attorney documents and legal research. The time is eminently reasonable since it produced the only asset of the case and is an asset that the debtor failed to disclose in her Schedules prior to being confronted by the Trustee with the information at the first meeting of creditors.

7. Objector alleges the Trustee should not include claim #6 filed by Fred and Clare Barton in her distribution. This claim has already been objected to by the debtor and resolved by this Court. On or about July 15, 2011, Judge Black entered an order denying the debtor's objection to claim #6. The debtor appealed Judge Black's order and on November 2, 2011, the appeal was dismissed. The Trustee has no basis to dispute a validly filed claim and the claim is entitled to payment.

8. It must be noted that the Trustee is requesting compensation in the amount of $4,551.19. Yet the Trustee's time summaries (Tasks performed by Trustee) reflect the fact that she put in an equivalent of $5,437.50 worth of time. Having since reviewed the objection filed by Stan Cavagnetto, called Broida's office and drafted a Response to the Objection, along with a contemplated court appearance on August 17th, the Trustee has actually donated a considerable amount of her time for the benefit of creditors of the estate.

WHEREFORE, for the reasons set forth above, the Trustee respectfully requests that this Court enter the order overruling Stan Cavagnetto's objection and for such other relief as this Court deems appropriate.

/s/ Brenda Porter Helms
Attorney for Trustee

Brenda Porter Helms
#6184302
3400 W. Lawrence Avenue
Chicago IL 60625
(773) 463-6427
brenda.helms@albanybank.com